## MORGAN MILLER *v.* J. M. BRUNSWICK & BRO.

**Sales—When Purchaser Becomes Bailee of the Property.**

Where the purchasers of property got possession of it before the
sale was consummated, they were made bailees or custodians of the
property which might be reclaimed by the owners if the purchasers
should refuse to make partial payment and execute a mortgage for
the residue, according to the contract of purchase.

APPEAL FROM McCRACKEN CIRCUIT COURT.

March 19, 1873.

OPINION BY JUDGE HARDIN:

Whatever might have been the relative rights as to priority of
the appellant, as landlord, and the appellees as mortgagors of Settle
and Allensworth, if the billiard tables had been voluntarily delivered
to the latter by the appellees or their agents, and placed upon the
leased premises before the execution of the mortgage, yet as the
evidence satisfied us that by the terms of purchase the ownership of
the property was not to vest in Settle & Allensworth till they paid
part of the price and mortgaged the tables for the residue, and that
the appellees' rights under this contract were not waived by them-
selves or their agents, although it seems the tables were by some
means removed from the wharf boat before the lease commenced.
We must consider such possession as Settle & Allensworth may have
had of the tables, before the mortgage was made, as that of mere

bailees or custodians, which might have been divested and the tables reclaimed by the appellees if the purchasers had not complied with their agreement by making the payment and the execution of the mortgage.

This being so, no landlord's lien could have attached unless at the very instant the legal title became vested in Settle & Allensworth for the purpose of being at once returned to the appellees, by means of the mortgage as security for their debt; and the delivery and execution of the mortgage and notes being simultaneous and materially dependent parts of one and the same transaction, there is obviously no reasonable ground for the position assumed in the argument for the appellant that a lien in his favor could have attached between the vesting of the title in Settle & Allensworth and the completion of the transaction by the execution of the mortgage.

The judgment is *affirmed*.

*Bidwell, for appellant.*

*Nigger & Mop, for appellee.*